UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.      3:15-cv-04599-RS |
| Plaintiff, | |
| v. | **FINAL JUDGMENT** |
| RYAN PETERSEN, | |
| Defendant. | |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Ryan Petersen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material

fact necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

who receive actual notice of this Final Judgment by personal service or otherwise:

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant is permanently restrained and enjoined from violating Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of

any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material

fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made,

not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates

or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

who receive actual notice of this Final Judgment by personal service or otherwise:

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

1  in active concert or participation with Defendant or with anyone described in (a).

2  III.

3      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

4  Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the

5  Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly

6  circumventing a system of internal accounting controls; knowingly failing to implement a

7  system of internal accounting controls; or knowingly falsifying any book, record, or

8  account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

9      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

10 Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

11 who receive actual notice of this Final Judgment by personal service or otherwise: (a)

12 Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in

13 active concert or participation with Defendant or with anyone described in (a).

14 IV.

15     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

16 Defendant is permanently restrained and enjoined from violating Exchange Act

17 Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by filing or causing to be filed

18 any certification required by such rule that contains any untrue statement of material fact or

19 omits to state a material fact necessary to make other statements made, in light of the

20 circumstances under which they were made, not misleading.

21     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

22 Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

23 who receive actual notice of this Final Judgment by personal service or otherwise:

24 (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

25 in active concert or participation with Defendant or with anyone described in (a).

26

27

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying, or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly:

    (a)    making or causing to be made a materially false or misleading statement or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) any audit, review, or examination of the financial statements of an issuer ; or (ii) the preparation or filing of any document or report required to be filed with the Commission; or

    (b)    taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of that issuer that are required to be filed with the Commission, if that person knew or

1   should have known that such action, if successful, could result in rendering

2   the issuer's financial statements materially misleading.

3   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

4   Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

5   who receive actual notice of this Final Judgment by personal service or otherwise:

6   (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

7   in active concert or participation with Defendant or with anyone described in (a).

8   VII.

9   IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

10  Defendant is permanently restrained and enjoined from aiding and abetting any violation of

11  Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, 13a-11,

12  and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13], by

13  knowingly or recklessly providing substantial assistance to an issuer which has a class of

14  securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is

15  required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]

16  that files quarterly, annual, and current reports with the Commission on Forms 10-Q, 10-K,

17  and 8-K that are (i) inaccurate, (ii) fail to contain material information necessary to make

18  required statements, in light of the circumstances under which they are made, not

19  misleading, or (iii) omit to disclose any information required to be disclosed.

20  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

21  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

22  who receive actual notice of this Final Judgment by personal service or otherwise:

23  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

24  in active concert or participation with Defendant or with anyone described in (a).

25  VIII.

26  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

27  Defendant is permanently restrained and enjoined from aiding and abetting any violation of

*SEC v. Petersen*, No. 3:15-cv-04599-RS
Final Judgment

Section 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and

78m(b)(2) (B)] by knowingly or recklessly providing substantial assistance to an issuer

that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act

[15 U.S.C. § 78o(d)], in failing:

    (a)    to make and keep books, records, and accounts which, in reasonable detail,

            accurately and fairly reflect the transactions and dispositions of the assets of

            the issuer; or

    (b)    to devise and maintain a system of internal accounting controls sufficient to

            provide reasonable assurances that (i) transactions are executed in

            accordance with management's general or specific authorization;

            (ii) transactions are recorded as necessary to permit preparation of financial

            statements in conformity with generally accepted accounting principles or

            any other criteria applicable to such statements, and to maintain

            accountability for assets; (iii) access to assets is permitted only in

            accordance with management's general or specific authorization; and

            (iv) the recorded accountability for assets is compared with the existing

            assets at reasonable intervals and appropriate action is taken with respect to

            any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

who receive actual notice of this Final Judgment by personal service or otherwise:

(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons

in active concert or participation with Defendant or with anyone described in (a).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to

Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the

Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement and relief pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243(a)] of $121,600, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest on the disgorgement in the amount of $18,400 and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall satisfy this obligation by paying $240,000 to the Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ryan Petersen as the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and

1   case identifying information to the Commission's counsel in this action.  By making this

2   payment, Defendant relinquishes all legal and equitable right, title, and interest in such

3   funds and no part of the funds shall be returned to Defendant.  The Commission shall send

4   the funds paid pursuant to this Final Judgment to the United States Treasury.

5          The Commission may enforce the Court's judgment for disgorgement and

6   prejudgment interest by moving for civil contempt (and/or through other collection

7   procedures authorized by law) at any time after 14 days following entry of this Final

8   Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant

9   to 28 U.S.C. § 1961.

10                                          XI.

11         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

12   incorporated herein with the same force and effect as if fully set forth herein, and that

13   Defendant shall comply with all of the undertakings and agreements set forth therein.

14                                          XII.

15         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for

16   purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

17   11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and

18   further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts

19   due by Defendant under this Final Judgment or any other judgment, order, consent order,

20   decree, or settlement agreement entered in connection with this proceeding, is a debt for

21   the violation by Defendant of the federal securities laws or any regulation or order issued

22   under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

23   § 523(a)(19).

24

25

26

27

1

XIII.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

3

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

4

Judgment.

5

6

Dated: __June 30__, 2017

_____

7

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*SEC v. Petersen*, No. 3:15-cv-04599-RS
Final Judgment